UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN P., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | Case No.: 24-cv-213-DDL <br><br> **ORDER GRANTING PLAINTIFF'S RENEWED APPLICATION TO PROCEED** *IN FORMA PAUPERIS* <br><br> **[Dkt. No. 7]** |

On January 31, 2024, Plaintiff Adrian P. ("Plaintiff") initiated this action against Defendant Martin O'Malley, Commissioner of Social Security, seeking review of the Commissioner's final decision denying his application for Social Security benefits. *See* Dkt. No. 1. On February 16, 2024, the Court denied Plaintiff's initial IFP motion because the Court was unable to assess Plaintiff's financial circumstances given the limited information Plaintiff provided on a form not used in this District. Dkt. No. 5. Presently before the Court is Plaintiff's renewed Application to Proceed in District Court without Prepaying Fees or Costs ("Renewed IFP Motion"). For the reasons set forth below, the Renewed IFP Motion is **GRANTED**.

A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay the fee. *See* 28 U.S.C. § 1915(a). "An affidavit in

support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted).  The statute does not define "what constitutes insufficient assets," but "'[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute.'" *Id.* (citation omitted) (alteration in original).  However, a plaintiff who seeks to proceed IFP "must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

In his Renewed IFP Motion, Plaintiff declares that he is not employed and that in the past 12 months, he has only received income in the form of $1,100 per month in food stamps and $1,800 per month in cash aid for himself, his wife, and his four minor children. Dkt. No. 7 at 1.  Plaintiff has no cash in a checking or savings account and reports that his sole asset is a 2013 Honda Odyssey, valued at approximately $5,000, which he co-owns with his father. *Id*. at 2.  Additionally, Plaintiff estimates that his regular monthly expenses include $1,000 for rent, $300 for gas or other transportation, and $200 or more for utilities. Plaintiff states he does not have any debts or financial obligations.

Plaintiff has demonstrated sufficient need to warrant an order granting the Renewed IFP Motion.  The record reflects that Plaintiff is currently unemployed and receives a total of $2,900 per month in public assistance to care for himself, his wife, and his four minor children, which amounts to less than $500 per person per month.  Additionally, Plaintiff's regular monthly expenses total $1,500 per month, which accounts for more than half of the family's monthly income.  After expenses are paid, Plaintiff and his family are left with an average of only $233 per person per month, which is significantly less than the amount needed to cover the filing fee of $405.  Thus, requiring Plaintiff to pay any filing fee would severely burden Plaintiff's ability to afford the basic necessities of life.

/ / /

/ / /

/ / /

/ / /

For the foregoing reasons, Plaintiff's Renewed IFP Motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  March 13, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge